IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] |
| | ] |
| vs. | ] Case No.: 2:21-cr-00041-LGW-BWC |
| | ] |
| YORDON VELAZQUEZ VICTORIA, | ] |
| | ] |
| Defendant. | ] |

# DEFENDANT'S SENTENCING MEMORANDUM AND MEMORANDUM IN SUPPORT OF VARIANCE FROM THE SENTENCING GUIDELINES

Defendant Yordon Velazquez Victoria, by and through his undersigned Counsel does hereby request that this Honorable Court impose a sentence below the advisory guideline range based on the following information:

**Application of the Statutory Sentencing Factors to the Facts of this Case**

In the present case, the following factors found in 18 U.S.C. Section 3553(a) must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1. **The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

   **(a) Nature and Circumstances of Offense**

   The Government initially indicted Mr. Victoria for conspiracy to commit forced labor and several counts of forced labor in violation of 18 U.S.C. §§ 1594(b); 1589(b); and 1592(a). Following plea negotiations, Mr. Victoria entered into a plea agreement to plead to one count of criminal conspiracy in violation of 18 U.S.C. § 371, with the predicate offense of mail fraud. In conjunction with his plea, Mr. Victoria admitted that

1

he worked with Aurellio Medina to set up a Georgia Limited Liability Company and used his name as the owner on that paperwork and paperwork submitted to the Department of Labor and Department of Homeland Security to secure H2A visa employees to work in the agricultural industry in Georgia. Mr. Victoria admitted that he allowed Medina to use his name because Medina was undocumented and not permitted to participate in the H2A visa program. Mr. Victoria further admitted to transporting workers and being paid $600 a week for his participation.

**(b) History and Characteristics of Mr. Victoria**

  **i. Background**

Yordan Velazquez Victoria is 45 years old. He was born and raised in Cuba by a single mother who was unemployed. Mr. Victoria served in the Cuban military and afterwards was jailed on multiple occasions (for a total of approximately one year) on suspicion that he would defect the impoverished nation. When released, he hid in the woods for a month or so before getting a chance to defect. During that time, his mother feared that he would be killed by the government. Mr. Victoria was at sea for fourteen days before he arrived in Miami Beach. When he arrived, a church organization took him in, provided him food, shelter, and helped him find work and acquire his immigration documentation. Mr. Victoria left his mother and a daughter behind in Cuba. His mother passed away and he continues to provide financial support to his daughter.

In the United States, Mr. Victoria married Karina Sosa-Molina. Ms. Molina brought her two children into the marriage and together Mr. Victoria and Ms. Molina had two more children. Upon separating with Ms. Molina, Mr. Victoria entered his current relationship with Dilsea Garcia, and together they have two children. Mr. Victoria

2

supports his five children and continues to support Ms. Molina's children as his own.

### ii. Acceptance of Responsibility and Cooperation

Mr. Victoria's acceptance of responsibility is documented by his PSI ¶ 30. Further, Mr. Victoria, upon Mr. Medina's arrest and the Government's service of search warrants, immediately consented to be interviewed, assisted with the location of documents, assisted in the return of passports to workers, and has been willing to continue to aid in the prosecution of these offenses. As a result of Mr. Victoria's cooperation, the Government was able to secure the conviction of Mr. Medina. Mr. Victoria has earned a Rule 5K1.1 departure. Separately, the Government will be filing a motion that Mr. Victoria asks this Court to grant and depart downward in recognition of his early cooperation and substantial assistance.

**2. The Need for the Sentence Imposed to Promote Certain Statutory Objectives:**

### (A) To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense

A sentence below the advisory guideline range in Mr. Victoria's case would adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for his wrongful conduct. Here, his offense primarily involved making false statements and false certifications on Government forms that enabled Mr. Medina to take advantage of migrant workers for which Mr. Victoria wishes he could undo. Further, this case will involve mandatory restitution that Mr. Victoria can address the sooner he is able to work following incarceration imposed, if any.

### (B) To afford adequate deterrence to criminal conduct and to protect the public from future crimes of the defendant

3

A sentence below the advisory guideline range in Mr. Victoria's case will not only deter any future criminal conduct by Mr. Victoria, but it will also still serve as an adequate deterrent to others against committing similar acts.

Mr. Victoria has no prior criminal history. Since his arrest, Mr. Victoria has had to deal with risks to his employment, the prospect of being in jail for the birth of his child (the delay in sentencing since the plea made it possible for him to be present), and general shame in his family and community. A sentence below the advisory guideline range would be sufficient, but not greater than necessary to deter future criminal conduct and protect the public from the unlikely chance of any future crimes of Mr. Victoria.

**(C) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

Mr. Victoria has some educational deficits with respect to speaking, reading, and writing the English language. However, Mr. Victoria has worked in construction and landscaping and would not need additional vocational training that could be provided by the Bureau of Prisons. Instead, Mr. Victoria can pursue language training at home while working to support his family and pay restitution. A lengthy sentence within the BOP is not necessary to achieve this objective. A sentence below the advisory guideline range would be appropriate in this case.

**3.     The Kinds of Sentences Available**

In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court severed and excised 18 U.S.C. §3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. *Booker,*

125 S. Ct. at 756. This renders the sentencing guidelines advisory. *Id*. *See United States v. Davis*, 407 F.3d 1269, 1270 (11th Cir. 2005) (*Booker* rendered guidelines effectively advisory in order to comport with Sixth Amendment by excising those provisions of statute that made guidelines mandatory).

**4.     The Sentencing Range Established by the Sentencing Commission**

Currently, Mr. Victoria has a Total Offense Level of 13 with a Criminal History Category of I for a range of 12-18 months imprisonment. The statutory maximum sentence is 5 years. 18 U.S.C. § 371.

The advisory guideline range in this case is greater than necessary to satisfy the goals of sentencing. Mr. Victoria submits that a sentence below the advisory guideline range would be equally as effective in its deterrent effect as the prospect of a term of imprisonment at the statutory maximum of five years.

Mr. Victoria submits that given all of the information provided to the court, a term of imprisonment within the advisory guideline range would be a greater sentence than necessary while a sentence below the advisory guideline range would be sufficient and would accomplish the objectives set forth in §3553(a)(2). Mr. Victoria respectfully requests that the Court consider the relevant information in this sentencing memorandum and impose a sentence below the advisory guideline range.

**Conclusion**

For the foregoing reasons, Yordan Velazquez Victoria respectfully submits that a sentence below the advisory guideline range is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

DATED this 25th day of March, 2022.

STROM LAW FIRM, LLC

\_s/Mario A. Pacella_____
MARIO PACELLA
GA Bar. No. 558519
PO Box 1635
Brunswick, Georgia 31521
Tel: 912.264.6465
Fax: 912.264.6470
mpacella@stromlaw.com

# **CERTIFICATE OF SERVICE**

I, Mario A. Pacella, counsel for Defendant, certify that on this the 25th day of March, 2022, that I served Defendant's Sentencing Memorandum on all counsel of record via the Court's CM/ECF system.

    STROM LAW FIRM, LLC

    _s/Mario A. Pacella_
    MARIO PACELLA
    GA Bar. No. 558519
    PO Box 1635
    Brunswick, Georgia 31521
    Tel: 912.264.6465
    Fax: 912.264.6470
    mpacella@stromlaw.com